UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

RACHEL LYNCH,

Plaintiff,

v. Case No.: 26-cv-2036

ZUERN BUILDING PRODUCTS INC;
TRACY BUDDENHAGEN;
RACHEL HOMULOS,

Defendants.

---

# COMPLAINT

---

The Plaintiff, Rachel Lynch, alleges through her undersigned counsel, as follows:

## NATURE OF CASE

1. Plaintiff Rachel Lynch ("Plaintiff" or "Lynch") sues Defendants, Zuern Building Products, Inc. ("Zuern"), Tracy Buddenhagen ("Buddenhagen"), and Rachel Homulos ("Homulos") under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), to redress unlawful employment practices of Zuern, Buddenhagen, and Homulos when they interfered with Lynch's exercise of her FMLA rights and retaliated against Lynch for exercising her rights under the FMLA by terminating her employment.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

3. The Eastern District of Wisconsin is the proper federal venue for this action, pursuant to 28 U.S.C. § 1391(b), in that Zuern is incorporated under the laws of the State of Wisconsin, with its principal office located in the Eastern District of Wisconsin, at 820 Enterprise Drive, Slinger, WI 53086; Defendant Buddenhagen resides in Hartford, Wisconsin, in the Eastern District of Wisconsin; Defendant Homulos resides in Campbellsport, Wisconsin, in the Eastern District of Wisconsin; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Wisconsin.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action, within the meaning of Rule 9(c), Fed. R. Civ. P., have been performed or have occurred.

## JURY DEMAND

5. Plaintiff demands that this case be tried before a jury of her peers.

## PARTIES

6. Plaintiff, Rachel Lynch, is an adult residing at W471 Rolefson Road, Rubicon, WI 53078.

7. Defendant, Zuern Building Products, Inc., is a privately held corporation, organized under the laws of the State of Wisconsin, with its principal place of business located at 820 Enterprise Drive, Slinger, WI 53086.

8. Defendant Tracy Buddenhagen is an adult residing at 744 Tipperary Lane, Hartford, WI 53027.

9. Defendant Rachel Homulos is an adult residing at W5650 Deerwood Lane, Campbellsport, WI 53010.

10. At all times material, Zuern was an "employer" within the meaning of 29 U.S.C. § 2611(4), in that it was engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

11. At all times material, Buddenhagen and Homulos were each an "employer" within the meaning of 29 U.S.C. § 2611(4)(A)(ii)(I), in that each acted, directly or indirectly, in the interest of Zuern with respect to Lynch, had authority over the handling of Lynch's requests for FMLA leave, and participated in the decision to terminate Lynch's employment.

## OPERATIVE FACTS

12. On or about June 15, 2020, Lynch commenced employment with Zuern as the Operations Administrative Assistant.

13. In or around April 2023, Zuern transferred Lynch to the role of Human Resources and Marketing Administrative Assistant, reporting to Homulos, Zuern's Human Resources Director.

14. Lynch's new position also included working as Operations Administrative Assistant for Buddenhagen, Zuern's Senior Human Resources Specialist, and for Alex Sprtel ("Sprtel"), Zuern's Marketing Director.

15. Lynch was told she was offered this new position because she was known for being a hardworking and detail-oriented employee.

16. Prior to accepting her new role, Lynch had received $9.00 in performance-based raises, which reflected her contributions and strong work ethic.

17. Lynch was never subjected to any disciplinary actions during her employment with Zuern.

18. In or around July 2024, Lynch received a favorable performance review from Zuern, consistent with her favorable reviews in 2021, 2022, and 2023.

19. Lynch was diagnosed with fibromyalgia in 2005.

20. Lynch's fibromyalgia causes chronic pain and fatigue.

21. Lynch's fibromyalgia is a chronic "serious health condition" within the meaning of 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.115(c), in that it requires periodic visits for treatment by a health care provider, continues over an extended period of time, and causes episodic periods of incapacity.

22. On February 24, 2022, Yoshiaki Akiya, M.D. ("Dr. Akiya"), filled out and signed a Certification of Health Care Provider for Employee's Serious Health Condition under the Family and Medical Leave Act ("FMLA Certification") on Lynch's behalf.

23. Lynch gave this form to Buddenhagen to request intermittent FMLA leave.

24. Buddenhagen did not act upon Lynch's request.

25. Lynch's 2022 FMLA request was neither approved nor denied.

26. In 2024, the symptoms from Lynch's fibromyalgia worsened.

27. On October 28, 2024, Lynch submitted another request to Zuern for intermittent FMLA leave, certified by Dr. Akiya, regarding her fibromyalgia flare-ups and need for intermittent leave.

28. In the October 28, 2024, FMLA Certification, Dr. Akiya indicated that Lynch's chronic condition was fibromyalgia.

29. In the October 28, 2024, FMLA Certification, Dr. Akiya indicated that it would be medically necessary for Lynch to be out of work on an intermittent basis, two to three times per month, for episodes of incapacity.

30. In the October 28, 2024, FMLA Certification, Dr. Akiya indicated that Lynch would be unable to perform the job functions of prolonged standing or lifting boxes.

31. When Lynch turned in the October 28, 2024, FMLA Certification, Buddenhagen told Lynch that Buddenhagen had not done anything with Lynch's 2022 FMLA paperwork.

32. Buddenhagen told Lynch that she did not take any action on Lynch's 2022 FMLA request because she knew that Lynch did not abuse time off.

33. Zuern neither approved nor denied Lynch's 2024 FMLA request, and Zuern never provided Lynch with a Designation Notice informing her whether her leave would be designated as FMLA leave, as required by 29 C.F.R. § 825.300(d).

34. Between April 2024 and October 2024, Zuern acquired three new locations.

35. Lynch was assigned full responsibility for onboarding all new hires, while still managing her original workload.

36. Around September 2024, Corporate Trainer Kristina Chapman ("Chapman") reduced her hours significantly, from full-time to fifteen hours per week.

37. Chapman's tasks were assigned to Lynch, without any reduction of Lynch's existing workload.

38. Lynch met with Homulos in October 2024 to raise concerns about her rapidly growing workload.

39. Lynch told Homulos that she was at full capacity and taking on additional work would result in overtime, which Lynch was trying to avoid due to her fibromyalgia.

40. Homulos was dismissive and told Lynch, "This is how HR works."

41. Lynch kept her supervisors informed about her fibromyalgia flare-ups.

42. On November 27, 2024, Lynch emailed Homulos to inform her that Lynch would not be able to attend "Ladies Night Out," an after-hours event, due to her fibromyalgia symptoms.

43. Lynch told her supervisors that the reason she took paid time off in December 2024 and January 2025 was to take measures to manage her fibromyalgia.

44. On February 3, 2025, Lynch sent an email to Homulos, stating that she would not be attending a breakfast recognizing Zuern as a "Top Workplace," due to her fibromyalgia.

45. In her February 3, 2025, email to Homulos, Lynch wrote, "[a]s you know, I deal with Fibromyalgia on a daily basis, and sitting for extended periods or being in large crowds can be challenging for me."

46. On February 17, 2025, Lynch sent an email to Homulos and Buddenhagen, requesting a reduction of her hours from forty hours per week to thirty hours per week, due to her fibromyalgia.

47. Buddenhagen responded to Lynch's request with threats and hostility.

48. After telling Lynch that it wasn't likely that Zuern could accommodate Lynch's request, Buddenhagen said, "it's going to get worse before it gets better."

49. A day after making this comment, Buddenhagen told Lynch that the situation "wasn't looking good for [Lynch]" and "it was going to get very uncomfortable for [Lynch]."

50. On February 25, 2025, Dr. Akiya, Lynch's medical provider, wrote a letter supporting Lynch's request to reduce her hours to thirty hours per week.

51. On February 25, 2025, Lynch submitted Dr. Akiya's letter to Homulos when Lynch met with Homulos to discuss her request.

52. During her meeting with Homulos, Lynch explained that she was researching her rights under the FMLA, as well as her rights under the Americans with Disabilities Act.

53. After stating that she was researching her rights under the FMLA, Lynch told Homulos that Buddenhagen had not taken action when Lynch had submitted intermittent FMLA requests in the past.

54. Lynch was called to a meeting with Buddenhagen and Homulos on February 27, 2025.

55. Prior to the meeting, Lynch believed that the meeting would involve a discussion regarding the possibility of returning to Lynch's previous position or possible positions available at Zuern and a discussion of Lynch's FMLA options.

56. On February 27, 2025, Zuern terminated Lynch's employment, claiming that the company "could not accommodate her disability."

**FIRST COUNT**
**FAMILY AND MEDICAL LEAVE ACT INTERFERENCE**
**29 U.S.C. § 2615(a)(1)**

57. As and for a first Count, Lynch reasserts the allegations recited above and fully incorporates those paragraphs herein by reference.

58. Lynch worked full-time for Zuern on a continuous basis for more than twelve months before she made her requests for intermittent FMLA leave and invoked her rights under the FMLA, and she worked at least 1,250 hours for Zuern during the twelve-month period preceding each request, at a worksite at which Zuern employed 50 or more employees within 75 miles, such that Lynch was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

59. Lynch's February 17, 2025, request to reduce her hours from forty hours per week to thirty hours per week because of her fibromyalgia, which Dr. Akiya supported in writing on February 25, 2025, constituted notice of Lynch's need for FMLA leave on a reduced leave schedule under 29 U.S.C. § 2612(b)(1) and 29 C.F.R. § 825.202.

60. Zuern, Buddenhagen, and Homulos interfered with, restrained, and denied Lynch's exercise of her FMLA rights by failing to approve, deny, or designate Lynch's October 28, 2024, request for intermittent FMLA leave, as required by 29 C.F.R. § 825.300, and by refusing her request for leave on a reduced leave schedule.

61. Zuern, Buddenhagen, and Homulos deprived Lynch of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1), on the basis that she was eligible for FMLA's protections, Zuern was covered by the FMLA, Lynch was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA-qualifying leave, and Defendants denied her FMLA benefits to which she was entitled.

62. Zuern, Buddenhagen, and Homulos deprived Lynch of FMLA entitlement, in violation of 29 U.S.C. § 2615(a)(1) on the basis that they terminated her employment two days after she invoked her rights under the FMLA.

63. The actions of Zuern, Buddenhagen, and Homulos were not undertaken in good faith or with reasonable grounds for believing that their conduct did not violate the FMLA.

64. The allegations more particularly described above caused Lynch to suffer and to continue to suffer loss of employment, loss of income, and expenses, all to her damage.

**SECOND COUNT**
**FAMILY AND MEDICAL LEAVE ACT RETALIATION**
**29 U.S.C. § 2615(a)(2)**

65. As and for a second Count, Lynch reasserts the allegations recited above and fully incorporates those paragraphs herein by reference.

66. Zuern, Buddenhagen, and Homulos violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Lynch because of her activities protected by the FMLA.

67. The intentional retaliatory actions of Zuern, Buddenhagen, and Homulos were not undertaken in good faith or with reasonable grounds for believing that their conduct did not violate the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

68. The allegations more particularly described above caused Lynch to suffer and to continue to suffer loss of employment, wage loss and expenses, all to her damage.

WHEREFORE Plaintiff, Rachel Lynch, demands relief as follows:

A. Compensatory damages for losses of wages, benefits, expenses, insurance, and medical expenses;

B. reinstatement or compensation in lieu of reinstatement;

C. liquidated damages equal to the sum of the compensatory damages and monetary losses;

D. costs, disbursements, prejudgment interest, reasonable attorney's fees and reasonable expert witness fees incurred in prosecuting these claims, together with interest on said fees; and

E. Such other relief as the Court deems just and equitable.

Dated this 2nd day of November, 2026.

*Electronically signed by Richard D. Crane*
Richard D. Crane, Bar No.: 1120763
Alan C. Olson, Bar No.: 1008953

Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: RCrane@Employee-Advocates.com
Email: AOlson@Employee-Advocates.com